*73
 
 Nash, C. J.
 

 Three questions present themselves in this case. 1st, "Was the plaintiff the agent of the defendant in selling his portion of the corn ? 2nd. Had he the power to. warrant the soundness of the corn, and thereby bind the defendant ? 3rd. Can he maintain the action upon either of the counts in his declaration ?
 

 As to the first. The plaintiff and defendant, and one Taylor, were the joint owners of a parcel of corn lying in bulk in a'crib, each o wning one-third. The plaintiff sold the whole to one Clements at two dollars pér barrel, to be delivered on board of a vessel, when called for, in good merchantable order. Clements subsequently informed the defendant that he had purchased the corn at the price stated, but did not inform him of any other terms. The defendant replied, “ it is right.” Clements, subsequently,'paid the plaintiff his one-tliird of the price of the corn, and the defendant his third. These facts sufficiently show that Davis was the agent of the defendant to do this particular thing — that is, to sell his portion of the corn, unrestricted by any special instructions.
 

 2nd. An agent to sell personal property has, by law, power to bind his principal by a warranty of soundness. Brown on Actions, 174; Paley on Agency, 210. The employment gave the power.
 
 Hilyear
 
 v. Hawke, 5 Esp. N. P. cases, 75 ;
 
 Hunter
 
 v. Jameson, 6 Ire. Pep. 252. The contract between plaintiff and Clements was for the corn tobe delivered on board of the vessel, when called for, in good merchantable order. This contract was in writing, and signed by the plaintiff alone. "When "Waldo and Yarrell, who had purchased from Clements his contract, applied for the corn, they refused to receive it, upon the ground that it was not such an article as they had bargained for, not being in good merchantable order, unless the plaintiff would make it merchantable in Norfolk. This he agreed to do. At Norfolk it was shown that the corn was not merchantable, and the plaintiff paid to Waldo and Yarrell the difference between the corn as it was, and what it was agreed it should be. Was the defendant bound by the contract he made with the purchaser? The authorities above
 
 *74
 
 cited show tliat lie was, to the amount of bis interest in the corn. On tbis point our attention was called to the cases of
 
 Meadows
 
 v.
 
 Smith,
 
 12 Ire. 18 ;
 
 McCall
 
 v.
 
 Clayton,
 
 Bus. 422. Both those cases differ materially from tbis. In neither of those did the agent have any interest in the subj ect matter of the agency. In the first, the contract was made for the building of a flat for Smith, the defendant. In the other, the note or due bill, the foundation of the action, was signed George Clayton,
 
 “
 
 agent for Davidson’s River Navigation Company.” In both these cases the Court say that, by their respective contracts, the agents were not bound, but that their respective principals were, and that their payments were officious acts, and they could not recover from the respective defendants the money so paid without their request. Can the money paid by the plaintiff bo considered officious? The corn, sold was the joint property of the plaintiff, and of the defendant and Taylor, lying in bulk, undivided ; and the plaintiff was the agent of the two latter to sell their shares, and the whole was sold as sound. When it was ascertained that the corn was not merchantable, the purchasers might have refused to receive it, and were induced to do so only on the condition that the plaintiff would guarantee its merchantable quality .at Norfolk; this he did. As to his third, he acted for himself, as to the other two thirds, as the agent of the defendant and Taylor. But the contract was one. He could not guarantee his third without guaranteeing the whole, for the corn was undivided. By his contract he bound himself for the whole and was answerable for the wdiole. Although the purchasers knew that two-thirds of the corn belonged to Burnett and Taylor, they also knew that one-third belonged to the plaintiff.
 

 It is in general true, that where an agent, at the time of making a contract, discloses his principal, he is not personally answerable, but where he binds himself, he is answerable ; and if made to suffer in damages arising out of the contract, he is entitled to compensation from his principal.
 
 Hunter
 
 v.
 
 Jameson, ubi supra.
 

 
 *75
 
 We are of opinion, for tbe reasons above stated, that tbe plaintiff can maintain bis action.
 

 Pee Cueiah. Judgment affirmed.